Laurence W. Stinson
STINSON LAW GROUP, P.C.
421 W. Mendenhall
Bozeman, Montana 59715
406.587.2179
Email:  laurence@stinsonlawyers.com

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### BUTTE DIVISION

| | |
|---|---|
| A1 QUALITY APPLIANCE, INC, an Idaho corporation, | Civil Action No. CV-20-53-BU-BMM-JTJ |
| Plaintiff, | |
| vs. | |
| FOLSOM LAKE APPLIANCE, INC., a California corporation d/b/a LAKE APPLIANCE REPAIR, WILLIAM COOK, MICHAEL PETERS, BYRON HARTLETT, EVAN MCGONICAL, JOHN OR JANE DOES 1-10, XYZ CORPORATION 1-10, | **COMPLAINT AND JURY DEMAND** |
| Defendants. | |

**COMES NOW** Plaintiff, by and through its counsel, Stinson Law Group, P.C., and for Complaint, does state and allege as follows:

### I.  JURISDICTION AND VENUE.

1. Plaintiff is an Idaho corporation. The shareholders of Plaintiff are as follows: Charity Jones, a resident and citizen of the State of Idaho; Dustin Jones, a resident and citizen of the State of Idaho.

2. At all times herein mentioned, Defendant FOLSOM LAKE APPLIANCE, INC. was and now is a corporation duly organized and existing under the laws of the State of California, and also doing business as LAKE APPLIANCE REPAIR (herein generally called "Lake Appliance") in Ada County, Idaho and Bozeman, Montana

3. Upon information and belief, and at relevant times, Defendant William Cook ("Cook") was and is a resident of Gallatin County, Montana. Cook was formerly employed in Idaho and entered his non-competition contract in Idaho.

4. Upon information and belief, and at all times relevant hereto, Defendant Michael Peters ("Peters") was a resident of Gallatin County, Montana.

5. Upon information and belief, and at all times relevant, Defendant Byron Hartlett ("Hartlett") was a resident of Gallatin County, Montana.

6. At all times relevant, Defendant Evan McGonigal ("McGonigal") was a resident of Gallatin County, Montana.

7. Plaintiff has an employment agreement with Defendants Cook, Peters, Hartlett, and McGonigal (herein jointly "Employee Defendants").

8.     The contracts at issue in this case, and between Plaintiff and Employee Defendants which form the basis for Plaintiff's claims, were partially performed and breached by Employee Defendants in Gallatin County, Montana.

9.     The non-compete agreement between Cook and Plaintiff was signed in Idaho, but does not have a forum selection clause and breach of that contract happened in Gallatin County, Montana where Defendant Cook now resides.

10.    The non-compete agreement provides it shall be governed by the laws of the state in which services were provided.

11.    Defendant Folsom Lake Appliance, Inc., is a California domestic corporation, formed in California on February 7, 2007.

12.    On April 16, 2020, Defendant Folsom Lake Appliance, Inc. filed a Foreign Registration Statement with the Montana Secretary of State.

13.    On April 16, 2020, Defendant Folsom Lake Appliance, Inc. filed under the Assumed Business Name of Lake Appliance Repair.

14.    This Court has jurisdiction over the parties and controversy pursuant to 28 U.S.C §1332, because the amount in controversy is greater than $75,000.00 and the adverse parties are citizens of different states.

15.    This Court also has jurisdiction over the parties and controversy pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C §2201, as Plaintiff is

an interested party seeking declarations of its rights and other legal outcomes as against Defendants.

16. There are no prior or current Montana state court proceedings between the parties which address the issues herein, adjudication of this matter will not result in the needless determination of state court issues, and there are no necessary parties whose addition to this case would defeat subject matter jurisdiction.

17. There is an Idaho State Court case involving both Plaintiff and Defendant Lake Appliance, Inc. That case is filed and for the County of Ada, State of Idaho and is Civil Case Number CV01-20-14536. The Idaho case does not involve the Employee Defendants.

## II. FACTS COMMON TO ALL CAUSES OF ACTION.

18. Plaintiff incorporates all prior allegations herein.

19. Plaintiff has been in the appliance repair service industry for over two decades in Idaho, servicing Boise, Meridian, Nampa, Caldwell and surrounding areas.

20. For many years Plaintiff has and continues to service and repair appliances for Lowe's Home Improvement ("Lowe's") stores in Montana, primarily in Bozeman, Montana and immediately adjacent areas such as Big Sky, Montana.

21. In 2012, Plaintiff hired William Cook ("Cook") as their General Manager in Idaho.

22. In November 2016, at the urging of Lowe's in Montana, Plaintiff opened an A1 Quality Appliance branch in Bozeman, Montana to provide "in-home" service, repairs, and installations to Montana residents.

23. On March 6, 2020, Plaintiff's Idaho General Manager, Defendant Cook relocated to Bozeman, Montana to take over as Manager of the Al Quality Appliance center there as the prior manager relocated back to Idaho.

24. As part of its training program and agreement with Employee Defendants, Plaintiff incurred costs and expenses in putting Employee Defendants through trade school in order to perform the job for which they were hired.

25. Employee Defendants could not perform their assigned work for Plaintiff without such training.

26. It takes roughly two (2) years for Plaintiff to recoup its investment costs on training. If, per agreement, Employee Defendants work for two (2) years with Plaintiff, Plaintiff waives any training cost recovery.

27. Employee Defendants, except Defendant Cook, terminated their employment within one month of graduating from trade school. Accordingly, Plaintiff has not recouped its investment.

28. All Employee Defendants had executed a partial Non-compete Agreement ("Agreement") with Plaintiff as a condition of their employment.

29. As a condition of their employment agreement with Plaintiff, all Employee Defendants agreed that in the event that their employment with Plaintiff was terminated, each would not, for a period of 2 year following termination of his employment: "[D]irectly or indirectly engage in any business that competes with A1 Quality Appliance Inc. or ATU Inc" in a limited geographical area for the limited time stated.

30. The Agreement is a partial agreement because Employee Defendants can still practice the trade/profession at issue but not within the restricted territory or within the restricted time frame.

31. A true and correct copy of the Non-compete Agreements for Employee Defendants are attached the *Affidavit of Charity Jones,* filed in Idaho State District Court Cause No. CV0i-20-14536, hereby incorporated by reference and attached hereto as *Exhibit 1*.

32. The geographical area covered by the non-compete agreement applies to "all of the states, Cities, and zip codes that A1 Quality Appliance, Inc. or ATU Inc. are actively doing business with," which means under the circumstances of this case Bozeman, Montana; Belgrade, Montana, and Big Sky, Montana in Gallatin and Madison Counties.

33. The agreement not to compete also includes a non-solicitation covenant: For the period of employment/contract and for 2 years after the separation

date, [employee] will not directly or indirectly solicit business from, or attempt to sell, license or provide the same or similar products or services as are now provided to any customer or client of A1 Quality Appliance Inc. Further, for the full period of employment/contract, [employee] will not directly or indirectly solicit, induce or attempt to induce any employee or technician of A1 Quality Appliance Inc. to terminate his or her employment contract with A1 Quality Appliance Inc.

34. The agreement not to compete also provides Plaintiff the right to obtain a permanent injunction from a court of competent jurisdiction to stop any further breaches of the non-compete agreement.

35. Cook's last day as an employee for A1 Quality Appliance was on May 21, 2020.

36. Cook advised Plaintiff he had already signed with "another company."

37. Cook immediately went to work for Defendant Lake Appliance Repair in Bozeman, MT, a direct competitor of Plaintiff.

38. Two days later, the rest of Plaintiff's Bozeman technicians quit and began working for Defendant Lake Appliance Repair in Bozeman.

39. The Agreements prohibited Defendant Employees from working for Defendant Lake Appliance in the geographic area for two (2) years after their termination of employment with Plaintiff.

40. The Employee Defendants can otherwise practice their trade within Montana.

41. As a result of the conduct of Defendants, Plaintiff was forced to close its Bozeman branch. However, and notably, Plaintiff continues to serve its Montana market as it always has by sending technicians from its Idaho location. Plaintiff is attempting to recover its Montana losses.

42. As a result of being forced to close the Bozeman branch, Plaintiff has and continues to suffer a monthly loss in revenue and increased expenses each month.

43. On July 17, 2020, Plaintiff, via its Idaho counsel, sent letters to its Employee Defendants demanding immediate compliance with the terms of their Non-compete Agreements and for confirmation they were no longer employed by Defendant Lake Appliance, a direct competitor of A1 Quality Appliance.

44. On July 17, 2020, Plaintiff, via its Idaho counsel, sent a similar demand letter to Defendant Lake Appliance regarding its interference with contractual expectations by employing Plaintiff's former employees while subject to Non-compete Agreements; the individual agreements were attached to the letter.

45. All defendants failed and/or refused to comply with Plaintiff's demands.

//

//

# CAUSES OF ACTION

## III.  DECLARATORY JUDGMENT

46. The Plaintiff realleges each and every allegation previously set forth in this Complaint as if set forth herein in full.

47. Plaintiff seeks a declaratory ruling that:

   a. The contracts between Plaintiff and the Employee Defendants are valid under Montana law.

   b. The contracts between Plaintiff and the Employee Defendants are partial restraints of trade that are reasonable in scope, duration, and geography.

   c. The contracts between Plaintiff and the Employee Defendants do not violate MCA §28-2-703.

   d. The contracts between Plaintiff and the Employee Defendants prohibit the Employee Defendants from working for a direct competitor of Plaintiff in or around Big Sky, Belgrade, and Bozeman, Montana in Gallatin and Madison Counties for two years from termination.

e. The contracts between Plaintiff and Employee Defendants prohibit the Employee Defendants from working for Defendant Lake Appliance in these areas.

f. Plaintiff is entitled to injunctive relief enjoining Employee Defendants from working for Defendant Lake Appliance in these areas.

g. Plaintiff is entitled to injunctive relief enjoining Defendant Lake Appliance from hiring Employee Defendants or any other employees of Plaintiff subject to the same non-compete to work in these areas.

48. Plaintiff further seeks an order enjoining Employee Defendants from working in violation of their agreement not to compete and specifically working for Defendant Lake Appliance in the geographic area.

## IV. INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE AS AGAINST DEFENDANT LAKE APPLIANCE

49. Plaintiff realleges and incorporates the preceding paragraphs of this Complaint as if they were fully set forth herein.

50. Plaintiff had a valid economic expectancy in its relationship with its employees and customers.

51. Defendant Lake Appliance had knowledge of the expectancy.

52. Defendant used wrongful means to interfere with that expectancy.

Complaint – Page 10 of 17

53. Defendant Lake Appliance intentionally interfered with that expectancy by inducing Defendant Employees to terminate their employment with Plaintiff and go to work for Defendant Lake Appliance.

54. Defendant Lake Appliance intentionally interfered with that expectancy by inducing Defendant Employees to violate their non-compete agreements with Plaintiff.

55. Defendant Lake Appliance intentionally interfered with that expectancy by inducing Defendant Employees, or some of them, to solicit other employees to terminate their employment with Plaintiff, to violate their non-compete agreements with Plaintiff, and to work for Defendant Lake Appliance.

56. Defendant Lake Appliance intentionally interfered with that expectancy by inducing Defendant Employees to solicit Plaintiff's customers away from Plaintiff.

57. As a result of Defendant's intentional interference, Plaintiff is entitled to damages in the amount to be proven at trial in a sum in excess of jurisdictional limits.

## V. BREACH OF CONTRACT AS TO DEFENDANT EMPLOYEES

58. Plaintiff realleges and incorporates the preceding paragraphs of this Complaint as if they were fully set forth herein.

59. Pursuant to the employment agreements executed by Employee Defendants, the Employee Defendants promised not to compete with Plaintiff for a period of 2 years in a limited geographic area following termination of their respective employment.

60. The Agreements are valid, binding contracts under Montana law.

61. Plaintiff fully performed its obligations and duties under the contracts with its Defendant Employees.

62. Defendant Employees refusal to comply with the terms of the non-compete agreements constitutes a material breach of the contracts.

63. As a result of Defendant Employees breach, Plaintiff is entitled to damages in an amount to be proven at trial, but in a sum in excess of jurisdictional limits.

64. Alternatively, Plaintiff is entitled to recover the full and complete amount of the value delivered to Employee Defendants via trade school cost and expenses incurred by Plaintiff and its expected revenue from each Employee Defendant for two (2) years.

## VI.  INTENTIONAL INTERFERENCE WITH A PROSPECTIVE ECONOMIC ADVANTAGE  AS AGAINST EMPLOYEE DEFENDANTS

65. Plaintiff realleges and incorporates the preceding paragraphs of this Complaint as if they were fully set forth herein.

66. Plaintiff had a valid economic expectancy in its relationship with its employees and customers.

67. Employee Defendants had knowledge of the expectancy.

68. Employee Defendants intentionally interfered with that expectancy by inducing termination of the expectancy.

69. Employee Defendants used wrongful means to interfere with that expectancy.

70. As a result of Employee Defendants' intentional interference, Plaintiff is entitled to damages in an exact amount to be proven at trial in a sum in excess of jurisdictional limits.

## VII.  VIOLATION OF THE UNIFORM TRADE SECRETS ACT (MCA §30-14-401) AS AGAINST ALL DEFENDANTS

71. Plaintiff realleges and incorporates the preceding paragraphs of this Complaint as if they were fully set forth herein.

72. The Uniform Trade Secrets Act prohibits the misappropriation of trade secrets. Trade secrets mean: [I]nformation, including a formula, pattern, compilation, program, computer program, device, method, technique, or process, that:

   a. Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper

      means by, other persons who can obtain economic value from its disclosure or use; and

    b. Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy…

73. Defendant Lake Appliance had no business operations in Montana (or Idaho where the companion case is filed) until April/May 2020 after soliciting Plaintiff's technicians to work for Defendant Lake Appliance in violation of the non-compete agreements the technicians signed agreeing not to compete with Plaintiff.

74. Upon information and belief, Employee Defendants are disseminating Plaintiff's confidential customer lists and pricing information to third parties in direct violation of the Uniform Trade Secrets Act.

75. Employee Defendants' intentional and tortious interference with Plaintiff's business is wrongful.

76. Employee Defendants acted willfully and maliciously in misappropriating Plaintiff's trade secrets.

77. Defendant Lake Appliance's actions and utter disregard for Plaintiff's contractual relationships with its technicians is beyond the bounds of ordinary competition in the marketplace and is an extreme deviation from reasonable standards of conduct.

78. Plaintiff has been damaged as a result of Defendants' wrongful acts and is entitled to monetary damages from Defendants for Plaintiff's actual loss caused by the misappropriation and the unjust enrichment caused by Defendants' misappropriation in a sum in excess of jurisdictional limits.

79. Plaintiff is also entitled to injunctive relief as set forth in Plaintiff's Sixth Cause of Action set forth below.

## VIII.  INJUNCTIVE RELIEF AS TO EMPLOYEE DEFENDANTS

80. Plaintiff realleges and incorporates the preceding paragraphs of this Complaint as if they were fully set forth herein.

81. Plaintiff is entitled to injunctive relief as it has demonstrated a substantial likelihood of success on the merits of the above claims.

82. Absent an injunction enjoining Defendants from directly competing with Plaintiff, in violation of the non-compete agreements, irreparable harm will be caused to Plaintiff by Defendants' acts.

83. Plaintiff has no adequate remedy at law as monetary damages alone will not properly compensate Plaintiff for potential competitive damage associated with Defendants' direct competition with Plaintiff in violation of the non-compete agreement.

84. Plaintiff is entitled to temporary and preliminary injunctions ordering that Defendants be enjoined from directly or indirectly, whether alone or in concert

with others, competing with Plaintiff in violation of the terms and provisions of the non-compete agreements pending the outcome of this litigation or further Order of this Court.

## IX.  DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury comprised of not less than twelve (12) persons on all issues so triable, pursuant to Federal Rule of Civil Procedure 38.

## X.  PRAYER

WHEREFORE, Plaintiff prays for Judgment, Order and Decree of this Court as follows:

1. For an order enjoining Employee Defendants from competing with Plaintiff in violation of the terms and provisions of the non-compete agreements;

2. For money damages against Defendants individually, or jointly and severally, in an amount to be proved at trial;

3. For costs of suit incurred herein; and

4. For such other and further relief as to the Court believes is just and equitable.

DATED this 6th day of October, 2020.

**Stinson Law Group, P.C.**

By: /s/ Laurence W. Stinson
**Laurence W. Stinson**

                421 Mendenhall Avenue
                Bozeman, Montana 59715
                406.587.2179
                Attorneys for Plaintiff