# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA BUTTE DIVISION

| | |
|---|---|
| A1 QUALITY APPLIANCE, INC, an Idaho corporation, | Cause No. CV-20-53-BU-BMM |
| Plaintiff, | |
| vs. | |
| FOLSOM LAKE APPLIANCE, INC., a California corporation d/b/a LAKE APPLIANCE REPAIR, WILLIAM COOK, MICHAEL PETERS, BYRON HARTLETT, EVAN MCGONICAL, JOHN OR JANE DOES 1-10, XYZ CORPORATION 1-10, | **STIPULATED PROTECTIVE ORDER** |
| Defendants. | |

**STIPULATED PROTECTIVE ORDER**

The parties hereby Stipulate and Agree, and jointly move this Court to enter this Stipulated Protective Order governing the production and use of certain confidential material, testimony, and exhibits as defined below. Pending entry of this Stipulated Protective Order, and thereafter, the parties have also agreed to observe and be bound by the terms of their Stipulations and agreements contained in this Stipulated Protective Order as evidenced by the signatures of counsel below.

The Court, being fully advised, HEREBY ORDERS as follows:

## ORDER

1. This Stipulation and Order shall govern documents and information exchanged between Defendants and Plaintiff including but not limited to all documents produced between them containing trade secrets, financial data, customer information, proprietary information or sensitive, non-public information (hereafter generally referred to as "Confidential Material") and the use of such Confidential Material in connection with the above-captioned lawsuit.

2. The Confidential Material designated in this Stipulation and Order shall be protected from disclosure in accordance with the terms set forth herein and any state and federal regulations governing the review, disclosure and dissemination of information related to Defendants and Plaintiff and their operations.

///

3. Confidential Materials may only be disclosed or made available to "Qualified Persons," who are defined to consist of:

    a. This Court or any other Court exercising jurisdiction with respect to this matter, and the Court's personnel. This includes communications at scheduled hearings and conferences, including court reporters retained to transcribe depositions or hearings where the Confidential Material is used;

    b. Counsel of record in this matter and attorneys and regular staff employed by attorneys of record who are working on this matter. This paragraph specifically limits the disclosure to counsel, as counsel agree this is an attorney's eyes only Stipulation and Order;

    c. Retained experts or attorneys representing any party that agree in advance to abide by this protective order.

4. For purposes of this Stipulation and Order, "Confidential Material" is defined as:

    a. the identity and contact information of vendors, customers, and clients;

    b. The contact information of current employees of either party;

  c. Proprietary information including, but not limited to, training manuals and procedures developed for the business operations of either party; and

  d. Financial information of/from either party.

6. Confidential Material may be used by Qualified Persons in accordance with this Stipulation and Order and should any Confidential Material be necessary for any motion, affidavit, brief, memorandum of law, or other paper filed in this litigation, it must redacted or be filed under seal and designated as subject to this Stipulation and Order, pursuant to the applicable Federal Rules of Civil Procedure and Local Rules for the US District Court for the District of Montana. In the event a document designated as Confidential Material is attached as an exhibit to a deposition, the deposition exhibit shall be sealed. Confidential Material may be used at trial pursuant to rulings of the court or agreement of counsel.

7. Documents covered by this Agreement shall be marked "Confidential" on every page, and only pages so marked shall be subject to this Order.

8. Confidential information shall be returned or destroyed by the recipient upon settlement when this matter is fully resolved.

9. Any Expert discussed above who receives Confidential Material shall execute and sign the acknowledgement set forth below.

10. Nothing contained in the provisions of this Order nor any party's production of documents designated as Confidential shall be deemed a waiver of any objection regarding the production of or designation as Confidential such document.

11. If any party seeks relief from the terms of this protective order so that documents may be disclosed outside the terms of this Stipulation, then that party must, prior to disclosure, either 1.) obtain consent from the opposing party; or 2.) seek an order from this Court. Until such time as a party obtains party consent or Court consent by order to disclose such document, the documents at issue shall not be disclosed.

13. Persons other than counsel of records shall sign the acknowledgment below. Counsel of record is hereby bound by this Protective Order.

## ACKNOWLEDGEMENT

I acknowledge that I have been provided a copy of the attached Protective Order and that I have read and understand the same. I further agree to be bound by the terms of such Order with respect to all Confidential Material that may be disclosed or provided to me and I recognize that at the conclusion of this action all Confidential Material must be either returned to the party by whom such Confidential Material was provided, or destroyed (at the option and expense of the Producing Party).

Signed: _____

Printed Name: _____

Dated: _____

**DATED** this  31st  day of March, 2022.

_____
Brian Morris, Chief District Judge
United States District Court

Approved as to Form By:

_____
Jean E. Faure
Jason T. Holden
FAURE HOLDEN ATTORNEYS AT LAW, P.C.
1314 Central Avenue
P.O. Box 2466
Great Falls, MT 59403
T: 406.452.6500
F: 406.452.6503
E: jfaure@faureholden.com
*Attorneys for Defendants*

_____
Scott Stinson
Stinson Law Group, P.C.
1421 Rumsey Ave.
Cody, WY 82414
laurence@stinsonlawyers.com
*Attorneys for Plaintiff*